**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
BY:   Thomas A. Cunniff, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08648-2311
(609) 896-3600
Attorneys for Defendant All-luminum Products, Inc. d/b/a Rio Brands

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRENDX ENTERPRISES, INC., | Civil Action No. 11-2512 (FLW) (TJB) |
| Plaintiff, | <u>CIVIL ACTION</u> |
| v. | **ANSWER AND COUNTERCLAIMS** |
| ALL-LUMINUM PRODUCTS, INC., d/b/a RIO BRANDS, | **Filed Electronically** |
| Defendant. | |

### ANSWER

Defendant, All-Luminum Products, Inc., d/b/a Rio Brands ("Rio Brands"), for its answer to the Complaint filed by Trendx Enterprises, Inc. ("TEI") in this action, states as follows:

### As to the Allegations Captioned "NATURE OF THE ACTION"

1.   Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Rio Brands admits that TEI purports to bring the claims listed, but denies that such claims have merit and denies the remaining allegations in paragraph 1.

**As to the Allegations Captioned "JURISDICTION, VENUE, AND PARTIES"**

2. Paragraph 2 states legal conclusions to which no response is required.

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies same.

5. Admitted.

**As to the Allegations Captioned "BACKGROUND"**

6. Denied.

7. Denied.

8. In response to the allegations in paragraph 8 of the Complaint, Rio Brands admits that TEI and Dysar entered into license agreements in 1999 and 2000 and states that the terms of those agreements speak for themselves. Further answering, Rio Brands denies all allegations regarding those agreements which are not consistent with the terms of those agreements, denies that Dysar owns the patents-in-suit, denies that TEI is an exclusive licensee of the patents-in-suit, and denies the remaining allegations in paragraph 8.

9. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and therefore denies same.

10. In response to the allegations in paragraph 10 of the Complaint, Rio Brands states that the terms of the T-Bar technology patents speak for themselves and denies all allegations regarding those patents which are not consistent with the terms of those patents.

11. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies same.

12. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies same.

13. The first sentence of paragraph 13 of the Complaint states a legal conclusion to which no response is required. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 13 of the Complaint and therefore denies same. The third and fourth sentences of paragraph 13 are admitted.

14. Rio Brands admits that it entered into negotiations with TEI in 1999 and denies the remaining allegations in paragraph 14.

15. In response to the allegations in paragraph 15, Rio Brands admits that it entered into a sublicensing agreement with TEI on or about July 14, 2000 and states that the terms of that agreement speak for themselves. Further answering, Rio Brands denies all allegations regarding that agreement which are not consistent with the terms of that agreement.

16. In response to the allegations in paragraph 16, Rio Brands admits that it entered into a second sublicensing agreement with TEI on or about January 30, 2002 and states that the terms of that agreement speak for themselves. Further answering, Rio Brands denies all allegations regarding that agreement which are not consistent with the terms of that agreement.

17. In response to the allegations in paragraph 17, Rio Brands states that the terms of the referenced agreements speak for themselves and denies all allegations regarding those agreements which are not consistent with the terms of those agreements.

18. In response to the allegations in paragraph 18, Rio Brands states that the terms of the referenced agreements speak for themselves and denies all allegations regarding those agreements which are not consistent with the terms of those agreements.

LV1 1403838v1 06/15/11

19. Rio Brands admits the first two sentences of paragraph 19. The third sentence of paragraph 19 states a legal conclusion to which no response is required.

20. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies same.

21. In response to the allegations in paragraph 21, Rio Brands admits that TEI sent it a letter on or about October 25, 2005, states that the terms of the letter speak for themselves, and denies all allegations regarding that letter which are not consistent with the terms of that letter.

22. Admitted.

**As to the Allegations Captioned "PATENT AND TRADEMARK VIOLATIONS"**

23. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies same. Further answering, Rio Brands denies that Dysar owns the patents-in-suit and that TEI is the exclusive licensee of the patents-in-suit.

24. In response to the allegations in the first sentence of paragraph 24, Rio Brands admits that it received a letter from TEI dated September 8, 2006, states that the terms of the letter speak for themselves, denies all allegations regarding that letter which are not consistent with the terms of that letter, denies that TEI is the exclusive licensee for the patents-in-suit, and denies the remaining allegations in that sentence. The second sentence of paragraph 24 is admitted.

25. Rio Brands denies that TEI is the exclusive licensee for the patents-in-suit and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 of the Complaint and therefore denies same.

26. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and therefore denies same.

27. Rio Brands admits that it sells and has sold flag poles which can be deck-mounted through various retail outlets in New Jersey, including the retail outlets listed, but denies that such products infringe any patent or trademark to which TEI has any rights, and denies the remaining allegations in paragraph 27.

28. Rio Brands admits that it engaged in written communications with TEI and Edward Dysarz ("Dysarz"), the owner of the patents-in-suit, between 2006 and 2008, including a letter dated October 23, 2006, and states that the terms of those written communications speak for themselves. Further answering, Rio Brands denies all allegations regarding those written communications which are not consistent with the terms of those communications and denies the remaining allegations in paragraph 28.

29. In response to the allegations in the first sentence of paragraph 29, Rio Brands admits that it brought a declaratory judgment action in the Eastern District of Pennsylvania against Dysarz, the owner of the patents-in-suit, seeking, *inter alia*, a declaration that Rio Brands' products did not infringe patents 5,120,016, 5,575,234, and 5,813,163, but denies the remaining allegations in that sentence. The second sentence of paragraph 29 is admitted.

30. In response to allegations in the first sentence of paragraph 30, Rio Brands admits that it entered into a confidential settlement agreement with Dysarz the terms of which bar TEI's claims, states that the terms of that confidential settlement speak for themselves, denies all allegations inconsistent with the terms of that settlement, and denies the remaining allegations in that sentence. In response to the allegations in the second sentence of paragraph 30, Rio Brands denies that TEI was the exclusive licensee to the patents-in-suit, and is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in that sentence and therefore denies same.

31. Rio Brands is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies same.

32. Denied.

33. Denied.

34. Denied.

### As to the Allegations Captioned "FIRST CAUSE OF ACTION"

35. In response to the allegations in paragraph 35, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### As to the Allegations Captioned "SECOND CAUSE OF ACTION"

42. In response to the allegations in paragraph 42, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### As to the Allegations Captioned "THIRD CAUSE OF ACTION"

48. In response to the allegations in paragraph 48, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### As to the Allegations Captioned "FOURTH CAUSE OF ACTION"

54. In response to the allegations in paragraph 54, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### As to the Allegations Captioned "FIFTH CAUSE OF ACTION"

LV1 1403838v1 06/15/11

59. In response to the allegations in paragraph 59, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

60. Denied.

61. Denied.

62. Denied.

### As to the Allegations Captioned "SIXTH CAUSE OF ACTION"

63. In response to the allegations in paragraph 63, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

### As to the Allegations Captioned "SEVENTH CAUSE OF ACTION"

69. In response to the allegations in paragraph 69, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

LV1 1403838v1 06/15/11

74. Denied.

75. Denied.

### As to the Allegations Captioned "EIGHTH CAUSE OF ACTION"

76. In response to the allegations in paragraph 76, Rio Brands incorporates by reference its averments, admissions, and denials in each of the foregoing paragraphs as if fully restated herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### SEPARATE DEFENSES

Pleading in the alternative and without prejudice to its averments, admissions, and denials in the foregoing paragraphs, Rio Brands asserts the following separate defenses:

### FIRST SEPARATE DEFENSE

TEI fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

TEI has failed to join a necessary and/or indispensable party, i.e., the owner of the patents-in-suit.

### THIRD SEPARATE DEFENSE

TEI's claims are or may be barred by the doctrines of delay, acquiescence, laches, and/or estoppel.

### FOURTH SEPARATE DEFENSE

9

TEI's claims are or may be barred because the marks sought to be enforced are invalid and/or unenforceable.

### FIFTH SEPARATE DEFENSE

TEI's claims are barred because there is no likelihood of confusion.

### SIXTH SEPARATE DEFENSE

TEI's claims are barred by the doctrines of release, payment, and accord and satisfaction.

### SEVENTH SEPARATE DEFENSE

TEI lacks standing to assert the patent claims because it is not the exclusive licensee of the patents-in-suit and its purported licensor is not the owner of the patents-in-suit.

### EIGHTH SEPARATE DEFENSE

TEI's claims are barred by the doctrine of license.

### NINTH SEPARATE DEFENSE

TEI's claims are barred by the terms of the confidential settlement between Rio Brands and Dysarz.

### TENTH SEPARATE DEFENSE

TEI's claims are barred due to the existence of valid covenants not to sue.

### ELEVENTH SEPARATE DEFENSE

TEI's claims are barred because Rio Brands' products do not infringe the patents-in-suit.

### TWELFTH SEPARATE DEFENSE

TEI failed to mitigate its damages, if any.

### THIRTEENTH SEPARATE DEFENSE

TEI's claims for injunctive relief are barred because TEI will not suffer any irreparable harm and has an adequate remedy at law.

## FOURTEENTH SEPARATE DEFENSE

TEI's claims for injunctive relief are barred because such relief would be inequitable.

## FIFTEENTH SEPARATE DEFENSE

TEI's claims are barred because TEI's damages, if any, are the consequence of acts by a third party for whose conduct Rio Brands is not responsible and cannot be held liable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Rio Brands respectfully requests that judgment be awarded in its favor, that the Complaint be dismissed at TEI's costs, that Rio Brands be awarded attorneys' fees, and that Rio Brands be awarded such other and further relief that the Court deems just and proper.

## COUNTERCLAIM

Defendant, All-Luminum Products, Inc., d/b/a Rio Brands ("Rio Brands"), for its Counterclaim against Trendx Enterprises, Inc. ("TEI") in this action, states as follows:

## PARTIES AND JURISDICTION

1. Rio Brands is a Pennsylvania corporation with its principal place of business in Pennsylvania.

2. Upon information and belief, TEI is a New Jersey corporation with its principal place of business in New Jersey.

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a). This Court also has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338(b) and 1367.

4. This Court has personal jurisdiction over TEI, a New Jersey corporation with its principal place of business in New Jersey.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

6.  TEI claims – incorrectly – to be the exclusive licensee of U.S. Patent No. 5,120,016 (the "'016 Patent"), entitled "Sun Deck and Pier Rod and Tool Holding Device."

7.  TEI claims – incorrectly – to be the exclusive licensee of U.S. Patent No. 5,575,234 (the "'234 Patent"), entitled "Boat and Dock Standoff."

8.  TEI claims – incorrectly – to be the exclusive licensee of U.S. Patent No. 5,813,163 (the "'163 Patent"), entitled "Multi Directional Rod, Umbrella and Tool Holding Devices."

9.  TEI claims – incorrectly – to be the exclusive licensee of U.S. Patent No. 5,941,191 (the "'191 Patent"), entitled "MultiDirectional Boat and Dock Cleat."

10. In this action, TEI has alleged – incorrectly – that Rio Brands infringes the '016 Patent, the '234 Patent, the '163 Patent, and the '191 Patent (collectively, the "patents-in-suit"), thereby creating a justiciable controversy that is a cloud upon Rio Brands' business and that will interfere and harm Rio Brands.

## COUNT ONE
### (Declaratory Judgment – Non-Infringement of U.S. Patent No. 5,120,016

11. Rio Brands incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

12. There is an actual and substantial controversy between Rio Brands and TEI arising under the federal patent laws in view of, *inter alia*, TEI's maintenance of this action.

13. Rio Brands has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of the '016 Patent, either literally or under the doctrine of equivalents.

14. Rio Brands is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '016 Patent.

## COUNT TWO
### (Declaratory Judgment – Non-Infringement of U.S. Patent No. 5,575,234)

15. Rio Brands incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

16. There is an actual and substantial controversy between Rio Brands and TEI arising under the federal patent laws in view of, *inter alia*, TEI's maintenance of this action.

17. Rio Brands has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of the '234 Patent, either literally or under the doctrine of equivalents.

18. Rio Brands is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '234 Patent.

## COUNT THREE
### (Declaratory Judgment – Non-Infringement of U.S. Patent No. 5,813,163)

19. Rio Brands incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

20. There is an actual and substantial controversy between Rio Brands and TEI arising under the federal patent laws in view of, *inter alia*, TEI's maintenance of this action.

21. Rio Brands has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of the '163 Patent, either literally or under the doctrine of equivalents.

22. Rio Brands is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '163 Patent.

## COUNT FOUR
### (Declaratory Judgment – Non-Infringement of U.S. Patent No. 5,941,191)

23. Rio Brands incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

24. There is an actual and substantial controversy between Rio Brands and TEI arising under the federal patent laws in view of, inter alia, TEI's maintenance of this action.

25. Rio Brands has not infringed, and does not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of the '191 Patent, either literally or under the doctrine of equivalents.

26. Rio Brands is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '191 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Rio Brands prays for entry of judgment in its favor and against TEI as follows:

A. That the Court determine and declare that Rio Brands has not infringed, and is not infringing, any valid and enforceable claim of the '016 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, and further that Rio Brands has not actively induced or contributed to infringement of the '016 Patent;

B. That the Court determine and declare that Rio Brands has not infringed, and is not infringing, any valid and enforceable claim of the '234 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, and further that Rio Brands has not actively induced or contributed to infringement of the '234 Patent;

C. That the Court determine and declare that Rio Brands has not infringed, and is not infringing, any valid and enforceable claim of the '163 Patent, either directly or indirectly, and

LV1 1403838v1 06/15/11

either literally or under the doctrine of equivalents, and further that Rio Brands has not actively induced or contributed to infringement of the '163 Patent;

    D.    That the Court determine and declare that Rio Brands has not infringed, and is not infringing, any valid and enforceable claim of the '191 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, and further that Rio Brands has not actively induced or contributed to infringement of the '191 Patent;

    E.    That this Court enjoin TEI from alleging or threatening that Rio Brands manufacture, importation, use, sale, and offer for sale of any products infringes any claim of the '016, '234, '163 and/or '191 patents;

    F.    Rio Brands be awarded attorneys' fees and costs;

    G.    Rio Brands be awarded financial damages as may be proven at trial; and

    H.    Rio Brands be awarded such other further relief as may be appropriate.

FOX ROTHSCHILD LLP
Attorneys for Defendant, All-luminum Products, Inc. d/b/a Rio Brands

By: s/Thomas A. Cunniff
      Thomas A. Cunniff, Esq.

Dated: June 15, 2011

LV1 1403838v1 06/15/11

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Defendant, All-luminum Products, Inc. d/b/a Rio Brands, by its undersigned counsel, hereby certifies pursuant to L.Civ.R. 11.2 that the matters in controversy are not subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

FOX ROTHSCHILD LLP  
Attorneys for Defendant, All-luminum Products, Inc. d/b/a Rio Brands

By: <u>s/Thomas A. Cunniff</u>  
    Thomas A. Cunniff, Esq.

Dated: June 15, 2011

LV1 1403838v1 06/15/11

17

## CERTIFICATION OF SERVICE

I, Thomas A. Cunniff, Esq., hereby certify that I caused one copy of the foregoing Answer to be electronically filed as follows:

https://ecf.njd.uscourts.gov/cgi-bin/login.pl

An email containing a link to a PDF version of the foregoing will be served electronically through the electronic filing system to all counsel of record at an email address on file with the Court.

Dated: June 15, 2011

s/ Thomas A. Cunniff
Thomas A. Cunniff